## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re: | |
|---|---|
| Attorneys' Fees in Chapter 13 Cases | Miscellaneous Case No. 06-50001 |

### MEMORANDUM DECISION ON
### ATTORNEYS' FEES IN CHAPTER 13 CASES

PER CURIAM

 Before the Court is the issue of presumptive fees in Chapter 13 cases filed under the

Bankruptcy Code as amended by the Bankruptcy Abuse and Consumer Protection Act of 2005

(BAPCPA). The Court is considering whether adjustments to the presumptive Chapter 13 fees

currently awarded are necessary and appropriate in light of new statutory requirements and the

five-year lag since the issue of Chapter 13 presumptive fees was last visited in this jurisdiction.

 The Early Confirmation Committee, comprised of representatives of the Chapter 13

trustees and Chapter 13 debtor and creditor attorneys in this District, formed a Subcommittee

(Subcommittee) charged with the task of analyzing the BAPCPA, gathering data on presumptive

fees in other jurisdictions, assessing current standards and practices before this Court, and

reviewing the costs of providing legal services in this jurisdiction. The Subcommittee then

prepared a Memorandum regarding Attorneys's Fees in Chapter 13 Cases (Memorandum)

discussing the existing fee structure and recommending various changes to current practice. The

Memorandum was filed with the Court under the above case number and made available to all

bankruptcy practitioners, debtors, creditors and the public in general for comment. The Court

then set consideration of the Memorandum proposal for hearing before all members of the Court,

Glen E. Clark, Chief Judge, Judith A. Boulden and William T. Thurman, on March 3, 2006 at

10:00 a.m., with notice of the hearing forwarded to all attorneys in the Court's database[1], and

posted for view by the public in various locations around the Bankruptcy Court. The notice of

hearing solicited written responses to the Memorandum from any person or entity wishing to

respond. Of the 20 such responses received, 19 were generally in favor of the Subcommittee's

recommendations while one was opposed to any presumptive fee. The Memorandum and all

responses were made a part of the record.

**SUBCOMMITTEE PROPOSAL**

At the hearing before the assembled court, the Subcommittee made further modifications

to its Memorandum in consideration of the written responses and presented its Review of

Comments and Final Recommendations (Final Recommendations) both orally and in writing

(docket #25). As amended, the Subcommittee proposes as follows:

A. Presumptive Fee Amount

The presumptive fee amount should be $2,750 for all confirmed Chapter 13 cases. This

amount includes all work through confirmation, the claims review process that does not result in

an actual contested hearing, and certification of the debtor's completion of the postpetition

---

[1]        This database currently contains almost 1,500 entries.

instructional course concerning personal financial management. There will be no presumptive fees in Chapter 13 "business cases," defined by the Subcommittee as cases in which "more than 20% of a Debtor's gross income is derived from self-employment or similar business activity." All fee requests in such "business cases" will proceed by individualized fee applications.

B.  Fee Awards in Contested vs. Uncontested Confirmations

Although this aspect of the proposal is not formally contained in the Final Recommendations, the Subcommittee strongly urged in its original proposal and at the hearing that there be "no distinction between fees awarded for confirmation without objection and fees awarded for confirmation obtained at a contested hearing" in contrast to current practice.

C.  *À la carte* Presumptive Fees

The Subcommittee recommended adoption of additional presumptive fees for routine items including requests for administrative abatements, status conferences, and certain basic motions. The Subcommittee withdrew its original proposal of presumptive *à la carte* fees for motions to extend or impose the automatic stay.

D.  Allowance of Fee Applications

The adoption of a presumptive fee in any particular amount should not serve as a bar to the filing of fee applications in any case.

E.  Future Presumptive Fee Review

Based on the facts that no BAPCPA case has yet reached conclusion and that the full effects of the BAPCPA's new provisions are still unknown, the Subcommittee requests that the issue of presumptive fees be reviewed again in "late 2006 or earliest 2007." The Subcommittee

also recommends annual review of presumptive fees to examine increased costs due to inflation "and other factors."

The Court invited and took additional oral comments from numerous interested parties in attendance at the hearing, whereupon the matter was taken under advisement. The Court has now considered the facts properly before it, the Memorandum and Final Recommendations, the written and oral comments presented, and has considered its collective assessment of the management and practice requirements in this District. Based on the foregoing, the Court makes the following ruling.

## DISCUSSION

As always, the Court is mindful of its "duty to independently evaluate the propriety of the compensation requested under § 330 . . . whether a presumptive fee is being applied or not."[2] Debtors' counsel also has a duty to charge no more than a reasonable fee for any particular case. Further, Debtors' counsel may file an itemized fee application in any case where appropriate. That said, the Court finds that $2,750 is an appropriate presumptive fee at this time for all Chapter 13 cases. The $2,750.00 presumptive fee shall provide compensation for legal services through: 1) Chapter 13 plan confirmation; 2) the claims review process; 3) the financial education certification and, 4) the final certification of readiness for discharge. Although some of the evidence and argument presented would potentially support a higher presumptive fee amount, the Court concurs with the Subcommittee's view that "the standard fee should reflect a conservative estimation." The Court also concurs that a further review of presumptive fees is

---

[2]    *McCoy v Hardeman (In re Tahah)*, 330 B.R. 777, 780-81 (10th Cir. BAP 2005).

appropriate. That review should take place when the Bar and the Court has gained more experience with the BAPCPA and other factors that may impact a presumptive fee.

The $2,750 presumptive fee shall also include "business cases." While not rejecting the concept of presumptive fees in "business cases," the evidence and comments from the hearing support the view that a "business case" is not necessarily more complex than a non-business case, and making the necessary determinations as to which cases qualify as "business cases" under the Subcommittee's definition would be both time-consuming and largely unworkable. Consistent with past practice, the Court will continue to entertain fee applications, and objections to fees, in all cases regardless of the existence of a presumptive fee .

The Court approves of a $100 presumptive fee for administrative abatement requests so long as the Chapter 13 trustee involved with the administrative abatement has no objection to the requested fee.

The Court declines to implement presumptive *a la carte* fees for post-confirmation services, and specifically reserves that issue for a future date. In so reserving, the Court notes that such *a la carte* fees ordinarily fall within the exception found under Bankruptcy Rule 2002(a)(6), and that an abbreviated and cost-effective method to deal with *a la carte* fee requests should be attainable. Thoughtful input with respect to an effective method to deal with *a la carte* fee requests is invited.

On the issue of fees in contested cases versus cases confirmed without objection, the Subcommittee strongly argued not only that counsel should not be punished for acts that are sometimes outside of their control but that the decrease in fees awarded at contested confirmation hearings has led to negative incentives for parties involved in the confirmation process.

Although the Court expressed serious reservations about removing the fee dichotomy and, thus, counsel's economic incentive to achieve a confirmation without objection, the Court is persuaded that the benefits of the Subcommittee's proposal presently outweigh its potential negative consequences.  As filings once again increase, a new procedure may need to be implemented to reconcile the larger confirmation calendars with the Court's limited hearing time if a decline in cases confirmed without objection occurs.  For now, however, the Subcommittee's recommendation for a single presumptive fee in both contested cases and cases confirmed without objection will be approved.

Finally, although the Court will not establish an annual review procedure on the issue of presumptive Chapter 13 fees at this time, the Court does agree that further review is appropriate to address both statutory and non-statutory influences on attorneys' costs.  Accordingly, the Court requests  the Subcommittee to file any proposed modifications to the Final Recommendations as it deems appropriate.

## CONCLUSION

The Court finds adequate notice has been given for its consideration of awarding attorneys fees and costs to debtor's counsel in chapter 13 cases as contemplated in 11 U.S.C. §330(a)(4)(A). Pursuant to the papers filed with the court and comments made in open court at the hearing on this matter, the court finds and concludes that fees and costs should be allowed as set forth in this decision.  The presumptive fee changes described herein shall be effective for all

cases filed on or after the entry date of this Memorandum Decision on the Court's docket.

**Glen E. Clark**
Chief Judge, United States Bankruptcy Court
for the District of Utah

**Judith A. Boulden**
United States Bankruptcy Judge

**William T. Thurman**
United States Bankruptcy Judge

_____oooOooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION ON ATTORNEYS' FEES IN CHAPTER 13 CASES** will be effected through the Bankruptcy Noticing Center to each party listed.

Kevin R. Anderson
405 South Main Street, Suite 600
Salt Lake City, Utah 84111

Andres Diaz
9 Exchange Place, #313
Salt Lake City, Utah 84111

J. Vincent Cameron
47 West 200 South, Suite 600
Salt Lake City, Utah 84101

Timothy J. Larson
935 East 7220 South
Salt Lake City, Utah 84047

David Cook
234 East 3900 South
Salt Lake City, Utah 84107

Curt Morris
7 South Main Street
Suite 202
Tooele, Utah 84047

Jory Trease
9 Exchange Place, #300
Salt Lake City, Utah 84111

Lindsey Phillip Dew
7660 South Holden Street
P.O. Box 368
Midvale, Utah 84047

Anna Drake
215 South State Street, #500
Salt Lake City, Utah 84111

Robert A. Eder, Sr.
623 East 2100 South
Salt Lake City, Utah 84106

Jennifer Neeleman
9 Exchange Place, #417
Salt Lake City, Utah 84111

Aaron Nilsen
6028 South Ridgeline Dr. #103
South Ogden, Utah 84405

John Evans
333 East 400 South, #400
Salt Lake City, Utah 84111

David Johnson
301 West 5400 South, #104
Murray, Utah 84107

Lou Harris
111 East 5600 South, #220
Murray, Utah 84107

Lee Rudd
P.O. Box 57782
Salt Lake City, Utah 84157

Lewis Adams
495 East 4500 South
Salt Lake City, Utah 84107

David Snow
105 East State Road
Pleasant Grove, Utah 84062

Robert Eder

452 East 3900 South
Salt Lake City, Utah 84107

William P. Morrison
352 East 900 South
Salt Lake City, Utah 84111

Brian Johnson
290 25th Street, #208
Ogden, Utah 84401

Duane Gillman
111 East Broadway, #9th Floor
Salt Lake City, Utah 84110


David T. Berry
5296 South 300 West, #200
Murray, Utah 84107

Justin Burton
6000 South Fashion Blvd
Murray, Utah 84107

Lee Davis
470 East 3900 South #105
Salt Lake City, Utah 84107

Paul Toscano
Boston Bldg. #419
#9 Exchange Place
Salt Lake City, Utah 84111

U.S. Trustee's Office
#9 Exchange Place, #100
Salt Lake City, Utah 84111

Sherri Palmer
3600 South Market Street, #203
West Valley City, Utah 84119